IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                          Case No. 5:15-CR-50087-001

ANTHONY ALLEN JEAN                                                    DEFENDANT

## OPINION AND ORDER

Pending before the Court is Defendant Anthony Allen Jean's Motion for Reconsideration (Doc. 49) of a portion of the Court's Order (Docs. 47/48) on his Motion to Compel. In the briefing on the Motion to Compel, Mr. Jean made four separate arguments concerning his need for particular information that the Government had intentionally withheld from discovery. During the Court's hearing on the Motion to Compel on October 11, 2016, Mr. Jean and the Government came to an agreement as to one of the four arguments, and certain information was turned over to Mr. Jean under the auspices of a protective order. This left three remaining arguments to resolve. At the close of the hearing, the Court asked Mr. Jean's counsel which of the remaining arguments he still wished to pursue, in light of the testimony and argument that had been presented that day, and it was the Court's understanding at the time that counsel elected not to pursue one of the arguments relating to the data the defense desired from the FBI's server. In reliance on its determination that Mr. Jean had dropped this "server-component" argument, the Court's Order acknowledged this in footnote 2 (Doc. 48, p. 6), found the argument moot, and then proceeded to rule on the remaining two arguments on the merits.

In Mr. Jean's Motion for Reconsideration, his counsel explains that he never intended to abandon the server-component argument, and doing so was an oversight or error on his part. The Court accepts counsel's explanation and hereby **GRANTS** the Motion for Reconsideration (Doc. 49) of the Motion to Compel and will now take up the server-component argument on the merits.

The Court begins by incorporating by reference the background facts and procedural history that were recited in the Motion to Compel. The server-component argument concerns a request by Mr. Jean for all the data that the FBI received from a Playpen website user known as "regalbegal." The data received from regalbegal's computer after the NIT deployed was later logged onto the FBI's server. Mr. Jean argues that if he had access to the data contained on the FBI's server—or perhaps to the server itself—his computer experts could then analyze the data to better understand how the FBI recorded both regalbegal's unique identifier and the two-way data stream resulting from the NIT. The purpose of this would be to determine whether the FBI logged the data correctly, or else duplicated the data or made some other coding error.

Upon due consideration, the Court finds that Mr. Jean has not satisfied his burden of proving that access to the FBI server or its data log would be material to preparing for his defense. *See* Fed. R. Crim. P. 16(a)(1)(E) (permitting defendant to inspect, copy, and photograph certain information within the government's possession, custody, or control if that information is "material to preparing the defense"); *United States v. Vue*, 13 F.3d 1206, 1208 (8th Cir. 1994) (defining "material" as "helpful to the defense").

Here, the Government's expert testified at the hearing that Mr. Jean had already been provided with both the raw network data produced by the NIT—before the data even

hit the FBI's server—and with the data that was generated by the server after the fact. The expert further testified that the raw data exactly matched the server data, which indicates that the server accurately logged and reproduced all the data it received. It follows, therefore, that now that Mr. Jean has received the raw, two-way data stream, or "PCAP data," he has all the information he needs to test his defense theories relating to the server component. His Motion to Compel as to the production of the server-component data is **DENIED**.

Accordingly, **IT IS ORDERED** that Mr. Jean's Motion for Reconsideration (Doc. 49) is **GRANTED**, and his Motion to Compel (Docs. 47/48) as to the server-component argument is **DENIED**.

**IT IS SO ORDERED** on this 9th day of December, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE