IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                    Criminal No. 5:15-cr-50087-001

ANTHONY ALLEN JEAN                                          DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the *pro* se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Defendant/Movant Anthony Allen Jean ("Defendant"). (Doc. 81). The United States ("Government") has filed a Response. (Doc. 84). Defendant filed a Reply. (Doc. 89). The matter is before the undersigned for issuance of this report and recommendation.

An evidentiary hearing is not warranted in this matter, as the § 2255 motion, the files, and the records in this case conclusively show that Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)("No hearing is required when the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which they are based").

I.    BACKGROUND

On December 9, 2015, Defendant was named in a Five-Count Indictment. (Doc. 1). Count One charged Defendant with receipt of child pornography, in violation of 18 U.S.C.§§ 2252A(a)(2) and (b)(1). Id. Counts Two through Four charged Defendant with receiving child pornography, in

violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).  Id. Count Five charged Defendant with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Id.

On March 21, 2016, Defendant filed a motion to suppress all evidence seized during the execution of a search warrant at his residence on July 9, 2015, as well as statements he made following the search. (Doc. 19).

On June 10, 2016, Defendant filed a motion to compel the Government to produce copies of the code for all software used to identify Defendant.  (Doc. 28).

On June 22, 2016, Defendant was named in a Six-Count Superseding Indictment . (Doc. 32).  Count One charged Defendant with receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Id. Counts Two through Four charged Defendant with receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Count Five charged Defendant with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Id. Count Six charged Defendant with knowingly accessing a computer connected to the internet to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Id.

A hearing was held on the motion to suppress on June 23, 2016.  (Doc. 31).  The District Court denied the motion in an Order dated September 13, 2016. (Doc. 40).

On October 11, 2016, a hearing was held on Defendant's motion to compel.  (Doc. 42).  By Order dated November 16, 2016, the motion was granted in part and denied in part.  (Doc. 48).

On December 19, 2016, Defendant pled guilty to Count One of the Indictment charging Defendant with receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and Count Five of the Indictment charging Defendant with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Doc 52). Defendant reserved the right to

appeal the denial of his motion to suppress evidence, as well as the partial denial of Defendant's motion to compel under Rule 16. Id. at 1. The plea agreement stated that if accepted by the Court, once the Court pronounced sentence, the Government would move to dismiss counts two, three, four and six of the Indictment. Id. at 1.

An Initial Presentence Investigation Report ("PSIR) was submitted on February 17, 2017. (Doc. 54). The PSIR assessed a base level of 22 pursuant to United States Sentencing Guideline ("USSG") § 2G2.2(a)(2). Id. at ¶ 73. The PSIR recommended a specific offense characteristic decrease totaling 2 points pursuant to USSG § 2G2.2(b)(1), for receipt without the intent to distribute material involving the sexual exploitation of a minor. Id. at ¶ 74. The PSIR recommended an enhancement of two points pursuant to USSG § 2G2.2(b)(2), for material involving a prepubescent minor or minor who had not attained the age of 12 years; a 4 point enhancement pursuant to USSG § 2G2.2(b)(4), as the offense involved material that portrayed sadistic or masochistic or other depictions of violence or sexual abuse or exploitation of an infant or toddler; a 2 point enhancement pursuant to USSG § 2G2.2(b)(6), for using a computer or an interactive computer service for possession, transmission, receipt or distribution; and a 5 point enhancement pursuant to USSG § 2G2.2(b)(7)(D), for possession of 42,151 images of child pornography. Id. at ¶¶ 75-78. The PSIR recommended a three level reduction for acceptance of responsibility, which gave Defendant a total offense level of 30. Id. at ¶¶ 84-86. The PSIR indicated Defendant had a criminal history score of 0, which placed him in a criminal history category of I. Id. at ¶ 97. The minimum statutory term of imprisonment on Count One was five years and the maximum term of imprisonment was 20 years. ¶ 128. The maximum statutory term of imprisonment on Count Five was 20 years. Id. The PSIR indicated the guideline imprisonment range to be 97 to 121 months. Id. at ¶129. Defendant filed objections to the PSIR. (Doc. 58).

Defendant appeared for sentencing on May 12, 2017. After considering the advisory guidelines, the 18 U.S.C. § 3553(a) factors, as well as both aggravating and mitigating factors, the Court found a downward variance was warranted and sentenced Defendant to 78 months imprisonment on Count One, and 78 months imprisonment on Count Five, to run concurrently. (Docs. 65, 66). Defendant was also sentenced to 15 years of supervised release on Count One and Count Five, to run concurrently; a $200 special assessment; and $3,500 in restitution. The Court also recommended to the Bureau of Prisons that Defendant be evaluated for and allowed to participate in the sex offender treatment program if Defendant was deemed a candidate for that treatment. (Doc. 65, p. 2). One of the special conditions of supervision included that with the exception for purposes of employment, Defendant was prohibited from possessing, using, or having access to a computer or any other electronic device that had internet or photography capabilities without prior advance notice and approval of the U.S. Probation Office. (Doc. 65, p. 5).

Defendant appealed to the United States Court of Appeals for the Eighth Circuit. (Doc. 69). On May 30, 2017, the Eighth Circuit appointed the Federal Public Defender of the Western District of Arkansas to continue to represent Defendant in his appeal. (Doc. 71). On appeal, Defendant argued the District Court erred in denying his motion to suppress evidence obtained by a warrant using the Network Investigative Technique (NIT). Defendant also argued the District Court abused its discretion by denying his motion to disclose NIT's codes. On June 1, 2018, the Eighth Circuit found that the District Court did not abuse its discretion in denying the motions to suppress and compel. (Doc. 78). The judgment of the District Court was affirmed.

On October 4, 2018, Defendant filed a petition for writ of certiorari to the Supreme Court (Doc. 79). The petition was denied on November 2, 2018. (Doc. 80). Defendant filed the instant § 2255 motion on October 31, 2019. (Doc. 81).

## II. DISCUSSION

Defendant asserts five ineffective assistance of counsel claims. Specifically, Defendant asserts: 1) defense counsel's "failure to object to the indictment on double jeopardy grounds;" 2) defense counsel's "failing to object to the double jeopardy violation in the Indictment;" 3) defense counsel's failure "to provide competent expert witnesses;" 4) defense counsel's failure "to examine Defendant's computer to determine whether or not it had been remotely accessed or 'hacked';" and 5) defense counsel's failure "to properly prepare for the sentencing hearing and failing to object to the conditions of release."

### A. INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth the standard to be applied to ineffective assistance of counsel claims. To prevail on his ineffective assistance of counsel claims, Defendant must prove, by a preponderance of the evidence, two related but independent issues. First, Defendant must show that counsel's performance was so deficient so as to not constitute counsel as guaranteed the defendant by the Sixth Amendment. Id. at 687. Second, that counsel's deficient performance materially and adversely prejudiced the outcome of the case. Furnish v. United States of America, 252 F.3d 950, 951 (8th Cir. 2001).

With respect to the first prong, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell

below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The Supreme Court instructed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689. A reviewing court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

With respect to the second prong, to prove an error was prejudicial Defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Strickland, 466 U.S. at 694. "[N]ot every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. at 693.

The Eighth Circuit has set forth the two-prong Strickland test as follows: "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

### 1. Grounds One and Two: Counsel's Failure to Object to the Indictment on Double Jeopardy Grounds:[1]

Defendant asserts defense counsel performed deficiently by failing to object to the indictment on double jeopardy grounds. Specifically, Defendant argues that the indictment charged him with both receipt and possession of child pornography from the same underlying conduct.

In general, entry of a guilty plea waives a defendant's right to relief under § 2255 other than those issues related to jurisdiction. In other words, "[a] valid guilty plea . . . operates as a waiver of all non-jurisdictional defects or errors." United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006)(internal quotation marks and citation omitted).

> [A] guilty plea operates as a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

The Eighth Circuit has held that "double jeopardy is a personal defense and not jurisdictional." United States v. Herzog, 644 F.2d 713, 716 (8th Cir. 1981)(citation omitted). Thus, unless Defendant's guilty plea was not knowing and voluntary, he may not proceed on the double jeopardy claim. United States v. Glass, No. 5:10-CR-50066, 2011 WL 6937602 at *2 (W.D. Ark. Nov. 9, 2011), report and recommendation adopted, 2012 WL 11035 (W.D. Ark. Jan. 3, 2012). For the reasons set forth below, the Court finds that Defendant's guilty plea was knowing and voluntary. Defendant's double jeopardy claim is foreclosed by his guilty plea and judgment

---

[1] The Court has combined Defendant's first two grounds for relief as they both assert ineffective assistance of counsel for failing to object to the indictment on double jeopardy grounds.

of conviction. United States v. Broce, 488 U.S. 563, 569 (1989)(If the plea is counseled and voluntary, "then the conviction and plea . . . foreclose collateral attack [unless] the court had no power to enter the conviction or impose the sentence").

In the context of a guilty plea, the prejudice requirement focuses on whether the ineffectiveness of counsel affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside "the range of competence demanded of attorneys in criminal cases." Id. at 56.

A review of the plea agreement revealed Defendant specifically admitted to committing each of the elements of the crimes to which he pled guilty and did not dispute the facts set forth in the agreement. (Doc. 52 at 4). The plea agreement specifically sets forth the maximum penalties for both Count One and Count Five. Id. at 6-7. Defendant acknowledged in the plea agreement that there had been discussions about the possible guideline sentencing range but agreed:

> that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event the guideline range is greater than the parties expected, the Defendant agrees that this does not give him/her the right to withdraw his/her plea of guilty.

Id. at 10.

Defendant acknowledged that the agreement was not binding on the District Court and did not require the Court to "hand down any specific sentence." Id. at 13. In the plea agreement, Defendant made the following representations:

> a. The Defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.

8

> b.  The defendant fully understands this Plea Agreement and is not under the influence of anything that could impede Defendant's ability to fully understand this Plea Agreement.
>
> c.  No promises, agreements, understandings, or condition have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
>
> d.  The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.
>
> e.  The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

Id. at 13-14. Counsel also represented that the plea was an informed and voluntary one. Id. at 14.

"For a plea to be voluntary . . . a defendant need not understand precisely how the sentencing guidelines will apply to his case. A plea is knowing and voluntary if the district court informs the defendant of the minimum and maximum statutory penalties and the court's authority to sentence within that range." United States v. Guardado, 863 F.3d 991, 993 (8th Cir. 2017). Here, the plea agreement set forth the minimum and maximum statutory penalties, and informed Defendant of the Court's authority to sentence within the statutory terms. At the change of plea hearing held on December 19, 2016, Defendant indicated he was satisfied with counsel and that the possible severity of his sentence was explained. (Doc. 51). The record supports that Defendant's plea was knowing and voluntary. Defendant failed to demonstrate that defense counsel's performance affected the outcome of the case and does not argue that he would have insisted on going to trial but for defense counsel's deficient performance.

As to the merits, to prove a double jeopardy violation, "a defendant must demonstrate that he was convicted of two offenses that are in law and fact the same offense." United States v.

Zavesky, 839 F.3d 688, 695 (8th Cir. 2016). "If the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." United States v. Harvey, 829 F.3d 586, 590 (8th Cir. 2016). "Convictions for both possession and receipt of the **same image** violate the double jeopardy clause." Zavesky, 839 F.3d at 695 (emphasis added). "That is to say that proof of receipt of child pornography necessarily includes proof of possession of child pornography." United States v. Morrissey, 895 F.3d 541, 548 (8th Cir. 2018). However, if "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." United States v. Muhlenbruch, 634 F.3d 987, 1002–03 (8th Cir. 2011) quoting Blockburger v. United States, 284 U.S. 299, 304 (1932).

In the present case, Defendant was charged with receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), in Count One, and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), in Count Five. As noted by the Government, Count One charged Defendant with receiving a visual depiction involving a minor engaged in sexually explicit conduct on or about March 1, 2015. Count Five charged Defendant with possessing a computer containing images of child pornography on or about July 9, 2015. The evidence distinguishes between the visual depiction received on or about March 1, 2015, and the computer containing the images of child pornography that Defendant possessed on or about July 9, 2015. United States v. Burman, 666 F.3d 1113, 1117 (8th Cir. 2012). Thus, the single file identified in the receipt count is not "the same child pornography" as the images Defendant possessed, which, according to the factual basis stated in the plea agreement, included multiple

10

images and 562 videos. (Doc. 52, ¶ 4.c). Furthermore, Count Five charged Defendant with knowing possession of a computer containing images of minors under the age of twelve, which is not an element included in the charge in Count One.

Because double jeopardy is inapplicable to Defendant' case, defense counsel was not ineffective for not raising this claim. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (holding "counsel's failure to advance a meritless argument cannot constitute ineffective assistance"). Accordingly, Defendant's claim is without merit.

### 2. Grounds Three and Four: Failure to Provide Competent Expert Witnesses to Determine if Defendant's Computer had been Hacked:[2]

Defendant asserts that defense counsel should have obtained and qualified an additional expert witness who could have competently testified that his computer could have been "hacked" or remotely accessed by someone wishing to access forbidden or illegal websites. (Doc. 81, pp. 9-10).

As discussed previously, the record shows Defendant voluntarily and knowingly pled guilty to Counts One and Five of the Indictment. In the plea agreement, Defendant admitted to downloading and receiving child pornography onto his computer. (Doc. 52, ¶ 4.b). Further, as set out in the PSIR, Defendant admitted to the agents that he accessed the "deep dark web" to search, download and collect child pornography. (Doc. 54, ¶¶ 35, 36, 38, 39). Defendant admitted that all of the child pornography was on his personal computer, and that he was the only person who used the laptop and had the passwords to access the computer. Id. at ¶37. Defendant cannot now show that he was prejudiced by defense counsel failing to examine Defendant's computer or to

---

[2] The Court has combined Defendant's Third and Fourth Grounds as they make the same argument.

present a second witness to discuss whether Defendant's computer had been "hacked" as Defendant admitted to these acts. Accordingly, Defendant's claim is without merit.

### 3. Ground Five: Failure to Properly Prepare For the Sentencing Hearing and Failing to Object to the Conditions of Release:

Defendant argues defense counsel provided ineffective assistance during the sentencing phase of his case. Specifically, Defendant faults defense counsel for the special condition of supervised release restricting Defendant's computer use; the length of Defendant's supervised release; failing to present character witnesses to mitigate the length of Defendant's sentence; and failing to present mitigating evidence that Defendant should have received mental health treatment rather than a lengthy prison sentence.

#### a.     **Restriction of Computer Use**:

Defendant argues defense counsel improperly failed to object to Special Condition No. 4 that restricted his use of a computer with internet or photographic storage capabilities. Defendant states that prior to his conviction he earned a living as a computer technician and that this is his only marketable skill. (Doc. 81, p. 11). The District Court's Special Condition No. 4 clearly states that the restriction regarding a computer or electronic device with internet and/or photographic capabilities does not apply to Defendant's employment. (Doc. 65, p. 5). Defendant is allowed the use of a computer or electronic device that has internet and photography capabilities for employment purposes, but has to have permission from the probation office for personal use. This type of restriction has been upheld by the Eighth Circuit and is not presumptively unreasonable. United States v. Perrin, 926 F.3d 1044, 1049–50 (8th Cir. 2019) (concluding a computer-related condition did not involve a greater deprivation of liberty than is reasonably necessary because it was not a complete ban on internet access and there was ample evidence the defendant used his devices for illegal activities). Considering the record, failing to object to the computer restriction

in Special Condition No. 4 does not constitute deficient performance of counsel. See Rodriguez v United States, 17 F.3d 225, 226 (8th Cir. 1994)(counsel is not ineffective for failing to make a meritless argument). Accordingly, Defendant is not entitled to relief.

      **b.**      **Length of Supervised Release**:

Defendant argues defense counsel improperly failed to object to the District Court's sentence of a fifteen year term of supervised release. (Doc. 81, p. 11). Defendant states that judgments in similar cases only required five years of supervised release. Id.

Pursuant to 18 U.S.C. § 3583(b)(2), the authorized term of supervised release for a Class C felony is not more than three years. Under 18 U.S.C. § 3583(k), however, the authorized term of supervised release for certain enumerated offenses is "any term of years not less than 5, or life." Specifically, enumerated offenses include "any offense under section 1591, 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, **2252**, **2252A**, 2260, 2421, 2422, 2423, or 2425." Id. (emphasis added). The District Court imposed a term of fifteen years of supervised release, which falls within the statutory range. At the sentencing hearing the District Court stated the reasoning behind the term of supervised release:

> With regard to supervised release, the defendant shall be placed on supervised release for a period of 15 years on each count of conviction, to run concurrently.
>
> The Court believes that the facts, the aggravating and mitigating factors here, warrant that length of a term of supervised release. For the reasons that the Court stated earlier, it has significant concerns as to the likelihood of recidivism here, Dr. Wallace's opinion notwithstanding.

(Doc. 75, pp. 76-77). Based on the District Court's reasoning, Defendant is unable to show that had counsel objected to the term of supervised release, such term would have been lower. Defense counsel's failure to object to the term of supervised release does not constitute a deficient

performance of counsel. See Rodriguez v United States, 17 F.3d 225 at 226. Accordingly, Defendant is not entitled to relief.

  c. **Failure to Call Character Witnesses at the Sentencing Hearing**:

Defendant argues defense counsel failed to provide proper mitigating evidence, such as calling character witnesses, at the sentencing hearing.

"A reasoned decision to not call a witness is a virtually unchallengeable decision of trial strategy." Rodelo-Aguilar v. United States, 596 F.3d 457, 464 (8th Cir. 2010)(internal citations and quotation marks omitted). Defendant made only a conclusory assertion that counsel failed to call witnesses at the sentencing hearing. Because Defendant has "' made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, he has failed to prove either that counsel's assistance was ineffective or prejudice.'" Saunders v. United States, 236 F. 3d 950, 952-53 (8th Cir.), cert. denied, 533 U.S. 917 (2001)(quoting Delgado v. United States, 162. F.3d 981, 983 (8th Cir. 1998)). Accordingly, Defendant is not entitled to relief.

  d. **Failure to Offer Mitigating Evidence that Defendant Would Benefit More from Mental Health Treatment than a Long Prison Sentence**:

Defendant argues defense counsel failed to offer the full range of mitigation evidence showing that Defendant would benefit more from extensive mental health treatment instead of a long prison sentence. (Doc. 81, p. 11). This claim is without merit as it is completely conclusory and vague. Further, the undersigned notes that the District Court took the time to express to Defendant how much work defense counsel put into representing Defendant and wanted to make sure Defendant heard directly from the Court that defense counsel provided "extraordinarily excellent representation" in this case. (Doc. 75, pp. 72-73). Indeed, defense counsel successfully

argued for a sentence nineteen months below the low end of the Guideline range of 97-121 months imprisonment. Accordingly, Defendant has failed to demonstrate deficient performance or prejudice.

### III.  CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 be DENIED and DISMISSED with prejudice.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §§ 2253(b) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of September 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE